UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Alston, Decker and Senior Judge Coleman


DERRICK HAMILTON

MEMORANDUM OPINION[*]

v.     Record No. 1522-14-4                                    PER CURIAM
                                                          DECEMBER 30, 2014
LOUDOUN COUNTY DEPARTMENT OF FAMILY SERVICES


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
J. Howe Brown, Judge Designate

(Robert J. Hartsoe; Hartsoe & Morgan, P.L.L.C., on brief), for
appellant.

(Sandra A. Glenney, Assistant County Attorney; Elizabeth S.
Vaughan, Guardian *ad litem* for the minor children, on brief), for
appellee.


Derrick Hamilton (father) appeals an order finding that his children are children in need of

services. Father argues that the circuit court erred by (1) not granting his motion for new counsel;

(2) "granting the petition because the evidence was insufficient;" and (3) not "restoring" the

children to him, "assuming that the petition should be granted." Upon reviewing the record and

briefs of the parties, we conclude that there was no error in the circuit court. Accordingly, we

summarily affirm the decision below. See Rule 5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Father has two minor sons, who are the subject of this appeal.[1]  In July 2012, the Loudoun County Department of Family Services (the Department) received a report of alleged physical and mental abuse of the children.  They were living with father in the home of his mother (the paternal grandmother).  The Department conducted four family partnership meetings between August and November of 2012.  The children were placed in a youth shelter for a time and also placed with their paternal uncle and his wife for a period of time.  Due to behavioral issues, the children left their paternal uncle's home and went back to the youth shelter.  In November 2012, the children moved in with their paternal aunt, Shonte Hamilton.  The children previously lived with her for approximately five years when they were younger.

Shonte Hamilton testified that the children's behavior was "not good at all" when they came to live with her.  They were stealing, lying, and using drugs.  Ms. Hamilton testified that she knew father spanked the children with a belt, and she saw bruises on the children.  Within the last three years, she also has seen father drink alcohol to excess and become angry and combative.

The paternal grandmother testified about an incident that occurred within the last year when father was hospitalized.  He told her that he "took something and that he would never do it again."  When asked about the hospitalization on cross-examination, father said that he did not remember why he was hospitalized, and then he said that he was pleading "the Fifth."

The social worker testified about the need for services, including substance abuse evaluations and psychological evaluations, for the children.  She stated that father could benefit from the same services, as well as an evaluation for parenting capacity.  She indicated that father had not been supportive of services in the past and was "fairly negative about them."  She also

---

[1] The children are twins.  At the time of the circuit court hearing, the children were almost fifteen years old.

said that father "has blamed other people" for why they were in court and claimed that "everything was fine" when the children lived with him. She testified that "it has been very difficult to have conversations" with father because he would become angry and loud. He often repeated the same questions and had a tendency to ramble.

At the conclusion of the hearing, the circuit court found that the children were in need of services. It held that the children were to submit and complete a substance abuse evaluation and a psychological evaluation, and follow all recommendations. The circuit court awarded sole legal and physical custody of the children to Shonte Hamilton and ordered supervised visitation with father. Father's continued contact with the children was subject to him submitting and completing a substance abuse evaluation and a psychological evaluation, as well as following all recommendations. This appeal followed.

ANALYSIS

*Assignment of error #1*

Father argues that the circuit court erred in denying his request for new counsel. This case originated in the Loudoun County Juvenile and Domestic Relations District Court (JDR court). On March 20, 2013, the JDR court entered orders finding that the children were in need of services and awarding custody of the children to Shonte Hamilton. Father was *pro se* in the JDR court and appealed the rulings to the circuit court. On August 14, 2013, the circuit court appointed counsel for father. At the beginning of the hearing on May 19, 2014, father's counsel informed the circuit court: "[M]y client has just imparted to me that he would like to have a different counsel. He doesn't feel he can be honest with me from what I can gather, and he does not have faith in my ability to represent him." The circuit court asked father's counsel if he was prepared for trial, and counsel responded affirmatively. The court then denied the motion and said, "Well, we can't come to court on the day of a hearing and ask for a new counsel."

Contrary to father's arguments, the circuit court did not have to appoint him new counsel. This case originated with the Department's petitions for a child in need of services. Code § 16.1-266(A) states:

> Prior to the hearing by the court of any case involving a child who is alleged to be abused or neglected or who is the subject of an entrustment agreement or a petition seeking termination of residual parental rights or who is otherwise before the court pursuant to subdivision A 4 of § 16.1-241 or § 63.2-1230, the court shall appoint a discreet and competent attorney-at-law as guardian ad litem to represent the child pursuant to § 16.1-266.1.

Code § 16.1-266(A) does not provide for appointed counsel to a parent in cases involving children in need of services. Father did not have a right to counsel, and the circuit court did not err in denying his request for new counsel on the day of the trial. Cf. Code § 16.1 266(D) (providing that the trial court shall inform the parent or guardian of his right to counsel prior to a hearing at which the parent could be subjected to the loss of residual parental rights).

*Assignments of error #2 and #3*

Father argues that the circuit court erred in finding that the evidence was sufficient to prove that the children were in need of services. He also asserts that "assuming the petition should be granted," the circuit court erred by not "restoring" the children to his care.

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

Code § 16.1-228 defines a child in need of services as "a child whose behavior, conduct or condition presents or results in a serious threat to the well-being and physical safety of the child." Code § 16.1-228 further provides:

> [T]o find that a child falls within these provisions, (i) the conduct complained of must present a clear and substantial danger to the

child's life or health or to the life or health of another person, (ii) the child or his family is in need of treatment, rehabilitation or services not presently being received, and (iii) the intervention of the court is essential to provide the treatment, rehabilitation or services needed by the child or his family.

The circuit court heard evidence about behavioral issues associated with the children. These issues were affecting their well-being and safety. Their paternal uncle and his wife could not handle the children living at their home due to the problems. The children were lying and using drugs. They had been suspended from school for "accepting some type of smoking product . . . [and] for accepting a pill, some type of pill from another student."

Shonte Hamilton testified that the children were doing poorly in school and that they used drugs. She explained that she does not trust them and cannot leave them alone because "[t]hey've set my comforter on fire. They have tried to set the wall on fire. They search through people's things. They steal." Despite these incidents, she wanted custody of the children and was willing to work with the Department in order to get the appropriate services for the children.

Previously, with regard to the father, the Department arranged for family partnership meetings and suggested services, but to no avail. The social worker testified, "There has been no follow-through with the services I've recommended and tried to implement."

Father testified that the children were doing well in his care, and he did not see a need for services. He contends the circuit court erred by not finding his testimony credible. However, "[i]t is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted).

The court found that the children were in need of services and recommended substance abuse and psychological evaluations. It also ordered that the children follow all recommendations.

After deciding that the children were in need of services, the circuit court awarded sole legal and physical custody of the children to Shonte Hamilton. It found that father "is unable and perhaps unwilling to see to their needs." The circuit court explained, "He just doesn't get it. He doesn't have the insight to appreciate his responsibility for the problem that he has put these boys in."

Considering the totality of the evidence, there was sufficient evidence to support the circuit court's finding that the children were in need of services. In addition, the circuit court did not err in awarding sole legal and physical custody to Shonte Hamilton.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.